# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| **TAUREAN M. WILLIAMS** | **CIVIL ACTION NO. 3:11-cv-1880** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **BILLY HARRISON,** | |
| **ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Taurean M. Williams, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on October 24, 2011. Plaintiff is a detainee in the custody of the Sheriff of Morehouse Parish. He is detained at the Morehouse Parish Jail (MPJ), Bastrop, Louisiana, where he is awaiting trial on unspecified charges. He complains that he was housed with convicts in the custody of the Louisiana Department of Public Safety and Corrections (LDOC) and that he was "beat up" for no reason by two inmates. He sued MPJ Warden Billy Harrison, Morehouse Parish Sheriff Mike Tubbs, and inmates Adam Wilson and Derrick Wilson praying for an unspecified amount of punitive damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted, insofar as it seeks damages under 42 U.S.C. §1983, and **WITHOUT PREJUDICE** as to any state law claims against inmates Adam Wilson and Derrick Wilson.

### Background

On October 5, 2011, plaintiff, who was a pre-trial detainee at the MPJ, was assaulted by two

convicts, Adam and Derrick Wilson.  According to plaintiff, the Warden and Sheriff were negligent because they housed detainees with convicts.

### Law and Analysis

### 1. Screening

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983,  the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; 28 U.S.C.§1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).  A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations.  *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1949,  173 L.Ed.2d 868 (2009)(A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be

able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).   Plaintiff's complaint adequately sets forth his claim for relief; further amendment is not necessary.

### 2. Failure to Protect

Plaintiff claims that the defendants are liable for failing to protect him from attack at the hands of two LDOC convicts who were housed in the same area with plaintiff.   Plaintiff, of course, was a pre-trial detainee. When a pre-trial detainee alleges a failure to protect claim, it arises  under the Fourteenth Amendment's due process clause and the standard for judicial review of such claims is "deliberate indifference." *Hare v. City of Corinth*, 74 F.3d 633, 638 (5th Cir.1996) (*en banc*).   In other words, plaintiff's right to protection from violence is measured by the standard of subjective deliberate indifference enunciated by the Supreme Court in *Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).   Under that standard, a prison official is not liable for failing to protect either an inmate or a detainee unless the official "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d

3

811 (1994).  In order to prevail, plaintiff must establish that the defendant officials: (1) were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and, (2) actually drew the inference. *Farmer*, 511 U.S. at 837. Negligent inaction can never be the basis of a failure to protect claim. *Farmer*, 511 U.S. at 835; *Hare*, 74 F.3d at 642. The legal conclusion of deliberate indifference must rest on facts clearly evincing "wanton" actions on the part of defendants. *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir.1985).  In *Smith v. Wade*, 461 U.S. 30, 39 n. 8, 103 S.C. 1625, 1632 n. 8, 75 L.Ed.2d 632 (1983), the Court approved the following definition of wanton:  "'Wanton means reckless – without regard to the rights of others ... Wantonly means causelessly, without restraint, and in reckless disregard of the rights of others. Wantonness is defined as a licentious act of one man towards the person of another, without regard to his rights; it has also been defined as the conscious failure by one charged with a duty to exercise due care and diligence to prevent an injury after the discovery of the peril, or under circumstances where he is charged with a knowledge of such peril, and being conscious of the inevitable or probable results of such failure.' 30 <u>American and English Encyclopedia of Law</u> 2-4 (2d ed. 905) (footnotes omitted)."

Nothing in plaintiff's complaint suggests that the specific defendants – Sheriff Tubbs and Warden Harrison  –  were guilty of deliberate indifference with regard to the apparently unanticipated assault. Nothing suggests that these defendants were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed. Even assuming that these defendants were aware of such facts, nothing suggests that they actually drew such an inference.

Additionally, in considering whether defendants have failed to protect an inmate, Courts must look to whether there was a "substantial" or "pervasive" risk of harm preceding the assault. A "pervasive" risk of harm may not ordinarily be shown by pointing to a single or isolated incident.

4

*See e.g. Falls v. Nesbitt*, 966 F.2d 375, 378 (8th Cir.1992) (holding a "pervasive risk" is something more than a single incident and something less than a riot).  Other than conclusory allegations, plaintiff offered nothing to suggest that the attack on him was at all  foreseeable. Inmates are unlikely to recover under Section 1983  for injuries sustained in an isolated assaults unless they can prove that the authorities either "set him up" for the assault or deliberately ignored his repeated <u>and clearly well-founded claims of danger</u>. There are no allegations that the defendants set plaintiff up for the attack or ignored specific claims of danger prior to the  attack.

The facts alleged do not demonstrate that the defendants inferred that plaintiff was at risk of an attack such as the one complained of. Further, it does not appear that the attack was a foreseeable consequence of any violations of prison policy.[1]

As alleged by plaintiff, at worst, the defendants were negligent and it was this negligence that resulted in plaintiff's injury. "To state a claim under § 1983, a plaintiff must allege the violation of

---

[1] Of course, plaintiff alleges that, as a pretrial detainee, he was improperly housed with convicted inmates. In *Jones v. Diamond*, 636 F.2d 1364 (5th Cir.1981), overruled on other grounds by *International Woodworkers v. Champion Int'l Corp.*, 790 F.2d 1174 (5th Cir.1986), *aff'd sub. nom. Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987),  the Fifth Circuit ruled, "...[t]he confinement of pretrial detainees indiscriminately with convicted persons is unconstitutional unless such a practice is 'reasonably related to the institution's interest in maintaining jail security,' or physical facilities do not permit their separation. Of course, if a particular pretrial detainee has a long record of prior convictions or is likely to be violent, imposition of greater security measures is warranted ... Nonetheless, pretrial detainees have a due process right to be considered individually to the extent security and space requirements permit." *Id.* at 1374 (quoting *Bell v. Wolfish*, 441 U.S. 520, 531 (1979)) (additional citations omitted).

In other words, the housing of pretrial detainees with convicted inmates may raise constitutional concerns, but only if such classifications are handled indiscriminately without justification, *Pembroke v. Wood County*, 981 F.2d 225, 228 (5th Cir.1993).   There is no hard and fast rule prohibiting such housing arrangements and, indeed, some circumstances will permit the housing of pretrial detainees with convicted inmates.

a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). The deprivation must be intentional, as negligent conduct cannot serve as the basis for a §1983 claim. See *Jackson v. Procunier*, 789 F.2d 307, 310 (5th Cir.1986); *Farmer*, 511 U.S. at 835; *Hare*, 74 F.3d at 642.

Thus, plaintiff, having failed to show deliberate indifference on the part of either Sheriff Tubbs or Warden Harrison has failed to state a claim for which relief may be granted.

### 3. State Actors

Plaintiff also sued his assailants – inmates Adam and Derrick Wilson.  However, in order to prove the deprivation of a right protected by Constitution, a plaintiff must prove state action. *Doe v. Rains County Indep. Sch. Dist*., 66 F.3d 1402, 1406 (5th Cir.1995).  The plaintiff may satisfy the "under color of state law" requirement by proving that the conduct causing the deprivation is "fairly attributable to the State" which means proof  (1) that the deprivation was caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may be fairly described as a "state actor." *Landry v. A-Able Bonding, Inc*., 75 F.3d 200, 203-04 (5th Cir. 1996) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

Plaintiff has named his fellow inmates as  defendants. However neither was acting under color of state law when the alleged assault occurred.  Any claim against them would fall under state tort law, and therefore plaintiff likewise fails to state a claim for which relief may be granted in this proceeding with respect to these defendants.  Should plaintiff choose to seek damages against his assailant, he should do so in state court.

6

*Conclusion and Recommendation*

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted, insofar as it seeks damages under 42 U.S.C. §1983, and **WITHOUT PREJUDICE** as to any state law claims against inmates Adam Wilson and Derrick Wilson.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

In Chambers, Monroe, Louisiana, January 19, 2012.


KAREN L. HAYES
U. S. MAGISTRATE JUDGE